UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALBERT M. ROBINSON,

       Plaintiff,

v.                                Case No:  2:13-cv-600-FtM-38UAM

MP TECHNOLOGIES, L.L.C.,
KAREN H. PRIBYL and JOHN 1-6
DOES,

       Defendants.
_____/

### ORDER[1]

This matter comes before the Court on review of the docket. The Amended Complaint alleges this lawsuit is brought pursuant to diversity jurisdiction. (Doc. #5). Diversity jurisdiction requires complete diversity of citizenship and that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). In an action filed directly in federal court, a plaintiff bears the burden of adequately pleading, and ultimately proving, jurisdiction. King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007).

In the Amended Complaint, Plaintiff, *pro se*, has stated the amount in controversy exceeds $75,000 but fails to establish the complete diversity of the Parties. An individual

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

is a citizen where he is domiciled not necessarily where he is a resident. Domicile is the place of an individual's true, fixed, and permanent home and to which he has the intention of returning whenever he is absent therefrom. See e.g, Arrol v. Heron, No. 2:10-cv-655-FtM-29DNF, 2011 WL 672417, at *1 (M.D. Fla. Feb. 17, 2011). Here, Plaintiff has failed to allege his domicile and has failed to allege Defendant Karen H. Pribyl's domicile. Plaintiff cannot, as he tries to here, rely on the Parties' residences alone to properly allege citizenship.

In addition, Defendant MP Technologies, LLC is, as the name implies, a limited liability company. A limited liability company (hereinafter "LLC") is a citizen of every state in which one of its members is located. Moreno v. Breitburn Florida, LLC, No. 2:09-cv-566-FtM-29DNF, 2011 WL 2293124, at *1 (M.D. Fla. June 9, 2011) (citing Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC., 374 F.3d 1020 (11th Cir. 2004)). Each member of the LLC must be diverse from Plaintiff in this case. "Since Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435, this Court has read the statutory formulation 'between … citizens of different States,' 28 U.S.C. § 1332(a)(1), to require complete diversity between all plaintiffs and all defendants." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005). Yet here Plaintiff has failed to state the citizenship of the members of Defendant MP Technologies, LLC.[2]

For these stated reasons, Plaintiff has failed to establish the Court's subject matter jurisdiction pursuant to diversity jurisdiction. 28 U.S.C. § 1332(a). In order to maintain his case in this Court, Plaintiff must allege the domicile of the individual Parties and establish

---

[2] If a member of Defendant MP Technologies, LLC is another LLC, then Plaintiff is required to disclose the members of the additional LLC along with its citizenship too. Essentially, Plaintiff is required to disclose the citizenship of the members of the LLC until there are no more LLC entities to be disclosed.

that each LLC member of Defendant MP Technologies, LLC is diverse from Plaintiff. Moreno, 2011 WL 2293124, at *1. Failure to comply with this Order may result in the case being dismissed without further notice for failure to allege the Court's subject matter jurisdiction.

The Court recognizes that there may be other issues such as venue disputes in this matter as well. The Court, however, finds it is without jurisdiction at this time to address such issues.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Amended Complaint (Doc. #5) is **DISMISSED without prejudice**. Plaintiff shall file a second amended complaint which properly alleges the Court's subject matter jurisdiction no later than **February 5, 2014**. Failure to comply with this Order may result in the case being dismissed without further notice for failure to allege the Court's subject matter jurisdiction.

2. All pending motions are hereby **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida this 22nd day of January, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record