UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALBERT M. ROBINSON,

   Plaintiff,

v.              Case No:   2:13-cv-600-FtM-38CM

MP TECHNOLOGIES, L.L.C.,
KAREN H. PRIBYL and JOHN DOES
1 AND 2,

   Defendants.
_____/

## **ORDER**[1]

  This matter comes before the Court on review of the Second Amended Complaint (Doc. #36) filed on February 5, 2014. Plaintiff Albert M. Robinson, *pro se*, indicates in the complaint that the Court has subject matter jurisdiction of this matter pursuant to diversity jurisdiction. Diversity jurisdiction requires complete diversity of citizenship and that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). In an action filed directly in federal court, a plaintiff bears the burden of adequately pleading and ultimately proving jurisdiction. King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

The complaint states the amount in controversy exceeds $75,000, inclusive of interest and costs, and the Parties are completely diverse. Plaintiff asserts the principal place of business of Defendant MP Technologies, LLC is in Minnesota, and the members of Defendant MP Technologies, LLC are domiciled in Arizona, Illinois, Minnesota, and Texas. The complaint fails, however, to mention the citizenship of Defendant Karen H. Pribyl. In addition, the complaint fails to properly indicate the Plaintiff's citizenship.

The complaint states, "I the Plaintiff am a resident of the State of Florida at the moment and due to circumstances I am temporarily without a domicile as we cannot really go back to Houston to live." (Doc. #36, at 1). This statement does not clarify Plaintiff's citizenship. "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002) (citing Hendry v. Masonite Corp., 455 F.2d 955, 955 (5th Cir. 1972)). A domicile is not synonymous with a residence. Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) (citing Perri v. Kisselbach, 34 N.J. 84, 87 (1961)). It is possible for someone to reside in one place but be domiciled in another. Mississippi Band, 490 U.S. at 48 (citations omitted). A domicile for an adult "is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." Id. (citing Texas v. Florida, 306 U.S. 398, 424 (1939)). It is unclear from the language in the complaint if Plaintiff intends to remain in Florida or in Texas. Therefore, the complaint fails to allege Defendant Pribyl's and Plaintiff Robinson's citizenship and accordingly this Court's subject matter jurisdiction.

In order to maintain this case in this Court, Plaintiff must: (1) list the amount in controversy; (2) list the citizenship of Defendant MP Technologies, LLC and its members;

(3) properly state the domicile of the individual Parties, Plaintiff Robinson and Defendant Pribyl; and (4) establish that each plaintiff is completely diverse from each defendant. Leyva v. Daniels, 530 Fed.Appx. 933, 934 (11th Cir. 2013) (discussing that diversity jurisdiction requires complete diversity which means that every plaintiff must be diverse from every defendant.") (citing Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998)). Failure to comply with this Order will result in the case being dismissed without further notice for failure to allege the Court's subject matter jurisdiction.

Accordingly, it is now

**ORDERED:**

1. The Second Amended Complaint (Doc. #36) is **DISMISSED without prejudice**. Plaintiff shall file a third amended complaint that properly alleges the Court's subject matter jurisdiction no later than **February 26, 2014**. Failure to comply with this Order will result in the case being dismissed without further notice for failure to allege the Court's subject matter jurisdiction.

2. All pending motions (if any) are hereby **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida this 12th day of February, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

3