UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALBERT M. ROBINSON,

    Plaintiff,

v.                                                    Case No: 2:13-cv-600-FtM-38CM

MP TECHNOLOGIES, L.L.C.,
KAREN H. PRIBYL and JOHN DOES
1 AND 2,

    Defendants.
_____/

### ORDER[1]

This matter comes before the Court on Defendant MP Technologies, LLC's First Amended Motion to Dismiss for Lack of Personal Jurisdiction (Doc. #42) filed on March 11, 2014. This matter also comes before the Court on Defendant Karen H. Pribyl's First Amended Motion to Dismiss for Lack of Personal Jurisdiction and Insufficient Service of Process (Doc. #43) filed on March 11, 2014. Plaintiff Albert M. Robinson, *pro se*, has been given ample time to respond to these motions but has failed to do so and the deadline has now expired. This matter is now ripe for review.

Robinson owns property in Houston, Texas. (Doc. #1, ¶6). In November 2012, an employee from MP Technologies called Robinson on his cell phone to discuss changing a utility pole because it was rotten at the rear corner of Robinson's Houston property.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

(Doc. #1, ¶¶10-11). Robinson explained that he did not want anyone to enter his property without his supervision due to a previous bad experience. (Doc. #1, ¶10). Robinson, further advised that he would return to Texas from Florida in the near future, about two weeks, and would connect with the company upon his return to Texas in order to have the pole replaced with his supervision. (Doc. #1, ¶¶12, 14). When Robinson returned to Texas he observed that his property was damaged. (Doc. #1, ¶13). Specifically, Robinson's back fence, pillar, and storage container were damaged. (Doc. #1, ¶¶13-14). Robinson informed MP Technologies about the damages. (Doc. #1, ¶13). Thereafter, MP Technologies returned to the property, when Robinson was not present, to make changes to the Houston property but did not address or repair the problems with the pillar or storage container. (Doc. #1, ¶13).

Robinson filed a two-count Third Amended Complaint on February 25, 2014, against Defendant MP Technologies, LLC, Defendant Karen H. Pribyl, and two John Doe defendants. (Doc. #41). Count I is a claim for Trespass to Real Property and Count II is a claim for Breach of Contract. Defendants MP Technologies and Pribyl move to dismiss with prejudice the Third Amended Complaint for Lack of Personal Jurisdiction. (Doc. #42, Doc. #43). Defendant Pribyl also seeks dismissal due to improper service. (Doc. #43).

## Standard

With regard to a motion to dismiss for lack of personal jurisdiction, a plaintiff bears the burden of establishing a *prima facie* case of jurisdiction over the movant, non-resident defendant, when no evidentiary hearing is held. Morris v, SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988) (citing Delong v. Washington Mills, 840 F.2d 843, 845 (11th Cir. 1988); Bracewell v. Nicholson Air Service, Inc., 748 F.2d 1499, 1504 (11th Cir. 1984)). A plaintiff

establishes a *prima facie* case by establishing sufficient evidence to defeat a motion for a directed verdict. Morris, 843 F.2d at 492. The court must construe the allegations in the testimony as true. Id. (citing Delong, 840 F.2d at 845; Bracewell, 748 F.2d at 1504). The Court construes conflicting evidence in favor of the non-moving party. Morris, 843 F.2d at 492 (citing Delong, 840 F.2d at 845).

Courts conduct a two-part analysis when determining personal jurisdiction over a non-resident defendant. Cable/Home Communication Corp. v. Network Productions, Inc., 902 F.2d 829, 855 (11th Cir. 1990) (citations omitted). First, courts examine the jurisdictional issue under the state long-arm statute. Id. That is, the defendant must perform "some act by which it purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King v. Rudzewicz, 471 U.S. 462, 476 (1985) (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)). Second, courts examine whether sufficient "minimum contacts" exist to satisfy the Due Process Clause of the Fourteenth Amendment to ensure the lawsuit does not offend "traditional notions of fair play and substantial justice." Id. (citing International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)) (other citations omitted).

**Discussion**

a. MP Technologies

Robinson pleads in his Third Amended Complaint that MP Technologies has maintained a continuous and systematic linkage with this forum state, Florida, by conducting sufficient business in the form of previous and ongoing transactions with Florida Power & Light and Indian River County. Robinson also mentions MP Technologies

called him on his cell phone when Robinson was in Florida regarding the repair needed in Texas. MP Technologies argues to the contrary by stating it has only done select projects and repairs in Florida following major storms that hit the state, such as Hurricane Frances and Hurricane Jeanne, and that it has not performed work in the State of Florida since 2005. MP Technologies also avers that a telephone call is insufficient to establish minimum contacts.

Courts have found phone calls can constitute the necessary minimum contacts for personal jurisdiction purposes when the defendant or its agent makes such calls for pecuniary gain rather than substantially for personal purposes. See generally, Reliance Nat. Indem. Oc. v. Pinnacle Cas. Assur. Corp., 160 F.Supp.2d 1327, 1333 (M.D. Ala. 2001); see also Dresser v. HealthCare Services, Inc., No. 8:12-cv-1572-T-24-MAP, 2013 WL 82155, at *8 (M.D. Fla. Jan. 7, 2013) (discussing that the defendant could have foreseen being hauled into court in Florida as a result of the fraudulent representations it made in an attempt to gain business by luring the plaintiff to its facility); Tacoronte v. Tate & Kirlin Associates, No. 6:13-cv-331-Orl-37DAB, 2013 WL 5970720, at *4 (M.D. Fla. Nov. 8, 2013) (discussing that a defendant had minimum contacts with the state because it contacted plaintiff through mail and phone calls in an attempt to collect a debt). Therefore, there is no *per se* rule that phone calls do not create minimum contacts as suggested by MP Technologies. Instead, a court should evaluate the facts and circumstances of the individual case before it.

The Court is not persuaded that the minimum contacts needed to assert personal jurisdiction are present with regard to MP Technologies. The single phone call made by MP Technologies to Robinson was not done in anticipation of achieving a pecuniary gain

or being hauled into court in Florida. See e.g., Washington v. Florida Dept. of Children and Families, 595 F.Supp.2d 1291, 1302-03 (M.D. Fla. 2009) (discussing how returning a phone call and facsimile to Florida was not aimed at the State of Florida or a resident of the State of Florida or a violation of Florida law and therefore not sufficient to satisfy the minimum contacts needed for personal jurisdiction purposes); see also Green v. USF & G Corp., 772 F.Supp. 1258, 1262 (S.D. Fla. 1991) (finding insufficient minimum contacts where nonresident defendant made single, unsolicited, but allegedly defamatory phone call into Florida). There is no showing MP Technologies was aware Robinson was in Florida when it initially called Robinson about changing the utility pole or when it later failed to call Robinson when it entered Robinson's property. There is no showing MP Technologies continued to connect with Robinson when he was in Florida. See Banco Inversion, S.A. v. Celtic Finance Corp., 907 So.2d 704, 709 (Fla. 4th DCA 2005) (finding since the non-resident defendant made the initial contact with the Florida plaintiff and maintained a continuing relationship through the phone calls, among other things, there were sufficient minimum contacts). There is no showing MP Technologies past and isolated connection with Florida warrants exerting personal jurisdiction here either. Therefore, Robinson has failed to show MP Technologies' actions constitute a proper basis for establishing personal jurisdiction over the defendant.

    In addition, the Court finds the notions of fair play and substantial justice would be frustrated if this matter remained here in Florida. The property and witnesses are in Houston, Texas. Walack v. Worldwide Machinary Sales, Inc., 278 F.Supp.2d 1358, 1371 (M.D. Fla. 2003) (discussing that the potential witnesses and evidence were in different states and this was unfair when considering the traditional notions of fair play and

substantial justice). Therefore, dismissal is appropriate. Shaunnessey v. Monteris Medical, Inc., 554 F.Supp.2d 1321, 1331 (M.D. Fla. 2008) ("When the complaint lacks allegations establishing personal jurisdiction, dismissal is appropriate.") (citing Pennington Seed, Inc. v. Produce Exchange No. 299, 457 F.3d 1334, 1344 (Fed. Cir. 2006)).

   b. Karen H. Pribyl

Pribyl, the Chief Operating Officer of MP Technologies, argues this matter does not have personal jurisdiction over her because the Third Amended Complaint fails to allege information, general or specific, that would implement the exercise of personal jurisdiction in Florida. Upon review of the operative Complaint, the Court agrees. There are no facts or evidence here to properly assert personal jurisdiction in this forum state against Pribyl in this matter. Having found no personal jurisdiction exists for Defendant Pribyl, the Court need not address the service issue.

Accordingly, it is now

**ORDERED:**

1. Defendant MP Technologies, LLC's First Amended Motion to Dismiss for Lack of Personal Jurisdiction (Doc. #42) is **GRANTED**.

2. Defendant Karen H. Pribyl's First Amended Motion to Dismiss for Lack of Personal Jurisdiction and Insufficient Service of Process (Doc. #43) is **GRANTED**.

3. This matter is **DISMISSED without prejudice**.

4. The Clerk of Court is directed to CLOSE the case, terminate any pending motions and enter judgment accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida this 7th day of April, 2014.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record